USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/3/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
KONATA EDWARDS, et al.,          :

                Plaintiffs,   :   18 Civ. 5896 (HBP)

  -against-                       :

ARQENTA INC., et al.,            :

                Defendants.   :
----------------------------------X
CLAUDE SMITH, et al.,            :

                Plaintiffs,   :   18 Civ. 8556 (HBP)

  -against-                       :   OPINION
                                          AND ORDER
ARQENTA INC., et al.,            :

                Defendants.   :
----------------------------------X

      PITMAN, United States Magistrate Judge:

      Plaintiffs brings these actions under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et al., and the New York Labor Law (the "NYLL") seeking to recover unpaid overtime premium pay and statutory damages for defendants' alleged failure to provide the wage statements and wage notices required by the NYLL.  The parties have now reached a settlement, and the matter is before me on the parties' joint application for approval of the settlement.  All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

Plaintiffs alleges that they were employed by defendants' construction and building renovation business for various periods of time between 2008 and August 2018. Plaintiffs allege that they frequently worked more than 40 hours per week and when they did so, they were paid at their regular rate plus an additional $5.00 per hour. Because the plaintiffs' regular rates of pay were $35.00 per hour or more, the extra $5.00 per hour they received for hours in excess of 40 hours per week was substantially below the statutory overtime rate of 150% of their regular hourly rate. The unpaid overtime premium pay, liquidated damages and statutory damages claimed by each of the plaintiffs and the amount each will receive under the settlement is as follows:

| Plaintiff | Unpaid O/T Pay | Liquidated Damages | Wage Statement/ Notice Damages | Total Damages | Net Settlement Share |
|---|---|---|---|---|---|
| Edwards | $1,106.25 | $1,106.25 | $10,000.00 | $12,212.50 | $3,129.17 |
| Smith | $1,600.00 | $1,600.00 | $10,000.00 | $13,200.00 | $3,836.61 |
| Williams | $1,868.75 | $1,868.75 | $10,000.00 | $13,737.50 | $4,222.02 |
| Stephens | $ 475.00 | $ 475.00 | $10,000.00 | $10,950.00 | $2,224.74 |
| O'Connor | $ 343.75 | $ 343.75 | $ 5,000.00 | $ 5,687.50 | $1,264.01 |
| Montalvo | $2,493.75 | $2,495.75 | $ 5,000.00 | $ 9,987.50 | $4,435.06 |
| Honoret | $ 337.50 | $ 337.50 | $10,000.00 | $10,675.00 | $2,027.73 |

The parties have agreed to settle these matters for the total sum of $32,500.00. The parties have agreed that $926.00 of this sum will be paid to plaintiffs' counsel as reimbursement for his out-of-pocket costs (filing fees and service fees) and that one-third of the remainder ($10,524.67) will be paid to plain-

2

tiffs' counsel as a contingency fee. The balance after deduction of these expenses will be allocated among the plaintiffs as indicated above.

Defendants claim that the claims of plaintiffs Montalvo and O'Connor for wage statement/notice damages are time barred, that the claims of plaintiffs Smith and Edwards for wage statement/notice damages are limited to $2,500.00 and that the claims of plaintiffs Williams, Stephens and Honoret for wage statement/notice damages are limited to $5,000.00. Assuming the validity of the unpaid overtime claims set out above, defendant contends its maximum exposure is $36,450.00, plus attorney's fees and costs.

I presided over a lengthy settlement conference in these matters on December 4, 2018 and subsequently made a mediator's proposal of $45,000, inclusive of attorney's fees, to settle all claims in both matters. Although there was not mutual agreement to my proposal at the settlement conference, counsel continued their settlement discussions outside of my presence and ultimately agreed to the figure of $32,500.00.

> Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, the net settlement amount -- $21,049.33 after deducting counsel's one-third contingency fee -- will result in each plaintiff receiving more than twice his unpaid overtime pay plus an additional sum. If I assume that plaintiffs' claims for wage statement/notice damages is valid, the plaintiffs' average

4

recovery under the settlement is 31% of their total claimed damages. If I assume that defendants calculation of wage statement/notice damages is correct, the plaintiff's average recovery under the settlement is 92% of their total recoverable damages. These percentages are clearly reasonable, given the uncertainties inherent in any litigation. See Chowdhury v. Brioni America, Inc., 16 Civ. 344 (HBP), 2017 WL 5953171 at *2 (S.D.N.Y. Nov. 29, 2017) (Pitman, M.J.) (net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); Redwood v. Cassway Contracting Corp., 16 Civ. 3502 (HBP), 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (Pitman, M.J.) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); Felix v. Breakroom Burgers & Tacos, 15 Civ. 3531 (PAE), 2016 WL 3791149 at *2 (S.D.N.Y. Mar. 8, 2016) (Engelmayer, D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable).

Second, the settlement will entirely avoid the expense and aggravation of litigation. The factual and legal issues in this matter would have led to protracted and costly litigation, likely involving multiple depositions to explore the hours actually worked by each of the plaintiffs. The settlement avoids this burden.

Third, the settlement will enable plaintiffs to avoid the risk of litigation. Given the parties' factual dispute concerning the hours worked by each plaintiff and the legal

disputes concerning the availability of statutory damages, it is uncertain whether, or how much, plaintiffs would recover at trial.

Fourth, because (1) I presided over the settlement conference that preceded the parties' settlement and (2) I proposed the settlement figure fairly close to settlement proposal that I made to the parties, I am confident that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

Fifth, there are no factors here that suggest the existence of fraud.

Plaintiffs' release of defendants is limited to claims under the FLSA and the NYLL. I find this release permissible because it is narrowly tailored to wage-and-hour issues. See Redwood v. Cassway Contracting Corp., supra, 2017 WL 4764486 at *3 (release of defendants "from any and all wage and hour and/or notice claims" that could have been brought permissible "because it is limited to claims relating to wage and hour issues"); Yunda v. SAFI-G, Inc., 15 Civ. 8861 (HBP), 2017 WL 1608898 at *3 (S.D.N.Y. Apr. 28, 2017) (Pitman, M.J.) (release that is "limited to claims arising under the FLSA" permissible); see also Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10, 2016) (release that is "narrowly-

6

tailored to plaintiffs' wage-and-hour claims" permissible) (Engelmayer, D.J.); Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.).

Finally, as noted above the settlement provides that a total of $11,450.67 will be paid to counsel as reimbursement for out-of-pocket costs ($926.00) and a one-third contingency ($10,524.67). I find the costs and the fee to be reasonable; contingency fees of one-third in FLSA cases are routinely approved in this Circuit. See Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit").

Accordingly, for all the foregoing reasons, I approve the settlement in these matters. In light of the settlement, these actions are dismissed with prejudice and without costs. The Clerk of the Court is respectfully requested to mark both these matters closed.

Dated: New York, New York
September 3, 2019

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel